UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **MICHAEL CARGILL and CTC HGC, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; ATF DIRECTOR STEVEN DETTELBACH,** in his official capacity; **ATTORNEY GENERAL MERRICK GARLAND,** in his official capacity; **UNITED STATES DEPARTMENT OF JUSTICE;** and **UNITED STATES OF AMERICA**,<br><br>Defendants. | Case No. 1:22-cv-01063 |

## **DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SUR REPLY**

Plaintiff has filed a Motion for Leave to File a Sur Reply based on (1) a rehashing of arguments related to final agency action already addressed in the existing briefing, and (2) the citation to and attachment of an unauthenticated version of ATF-O-5370.1E purportedly found on the internet. *See* Mot. for Leave to File Sur Reply, ECF No. 17. Neither provides a proper ground for sur reply. *See Silva v. Allstate Tex. Lloyd's*, 2017 WL 5186237, at *3 n.6 (W.D. Tex. Feb. 28, 2017) (denying motion for leave to file sur reply where proposed sur reply "primarily rehashes arguments" made in previous briefing"). The Court should deny Plaintiff's Motion.

First, Plaintiff's arguments regarding final agency action are not new. Although Plaintiff contends the argument that Plaintiff has not challenged final agency action was raised for the first time in reply, *see* Mot. for Leave at 1, this is the first argument included in Defendants' Motion to Dismiss, *see* Mot. to Dismiss, ECF No. 7, at 10-13; *id.* at 10 ("Plaintiff has not challenged a final agency action."), Plaintiff responded to this argument in opposition, *see* Opp. to Mot. to Dismiss, ECF No. 12, at 3-8, and Defendants responded to this point, again, in reply, *see* Reply, ECF. No. 16, at 1-3. The issue has

1

been fully aired and there is no need for sur reply.

Second, Defendants object to Plaintiff's attempt to introduce via sur reply an unauthenticated photo version of what purports to be ATF Enforcement Order ATF-O-5370.1E, as allegedly found on the internet. *See* Sur Reply, Ex. A to Motion for Leave, ECF No. 17-1, at 2 n.2 & Ex. A.

There are multiple reasons not to entertain Plaintiff's submission. As an initial matter, ATF's operative Enforcement Order is ATF-O-5370.1F, not 5370.1E (cited in Plaintiff's Motion), or ATF-O-5370.1D (cited in Plaintiff's Complaint). That document, which Defendants have advised the Court is privileged, is available for the Court's *ex parte* and *in camera review*, should the Court wish to review it. In determining a motion to dismiss, "courts generally are limited to facts set forth in the complaint and documents attached to the complaint," but a court may also consider attachments to briefs regarding a motion to dismiss, "if the documents are referenced in the complaint, central to the complaint, or referenced by the parties, *and their authenticity is not in dispute*," or alternatively, a court may consider "matters of public record." *Kelley v. City of Cedar Park*, 2022 WL 329342, at *11 (W.D. Tex. Feb. 3, 2022) (emphasis added) (citing *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008)). While the Court properly may consider the contents of ATF-O-5370.1F, should it wish to do so, there is no basis to consider the unauthenticated document Plaintiff submits.

Most centrally, Plaintiff has made no attempt to authenticate the document. Even assuming the version Plaintiff submits is an accurate version of ATF's prior Enforcement Order, privileged government information is "not in the public domain unless there ha[s] been official disclosure of it," *Alfred A. Knopf, Inc. v. Colby*, 509 F.2d 1362, 1370 (4th Cir. 1975), and Plaintiff has not even suggested that ATF has officially acknowledged the document. Additionally, ATF can neither confirm nor dispute the document's authenticity—and should not be made to—because doing so would necessarily disclose information protected by law enforcement privilege, as Defendants have already asserted. *See* Reply at 8 (asserting law enforcement privilege); s*ee also Blum v. NSA*, 2010 WL 11537459,

at *2 (W.D. Tex. Apr. 12, 2010) (recognizing validity of "*Glomar* response" where agency can neither confirm nor deny the existence or truth of certain information without disclosing protected information); *see also Huddleston v. FBI*, 2022 WL 4593084, at *14 (E.D. Tex. Sep. 29, 2022).

There is no basis to entertain Plaintiff's attempted submission of an unauthenticated document obtained from the internet that purports to be a prior version of ATF's operative Enforcement Order. Nor do Plaintiffs' other arguments warrant leave to file a sur reply. Plaintiff's motion should be denied.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Taylor Pitz*
Taylor Pitz (CA Bar No. 332080)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Phone: (202) 305-5200
Email: taylor.n.pitz@usdoj.gov

*Counsel for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Nate Curtisi
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701

Matthew Robert Miller
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701

Chance D. Weldon
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701

Robert E. Henneke
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701

*/s/ Taylor N. Pitz*
Taylor N. Pitz