UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **MICHAEL CARGILL and CTC HGC, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; ATF DIRECTOR STEVEN DETTELBACH, in his official capacity; ATTORNEY GENERAL MERRICK GARLAND, in his official capacity; UNITED STATES DEPARTMENT OF JUSTICE; and UNITED STATES OF AMERICA**,<br><br>Defendants. | Case No. 1:22-cv-01063 |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF CHANGE OF MATERIAL FACTS

Defendants briefly respond to Plaintiff's Notice of Change of Material Facts, ECF No. 27.

First, Defendants confirm that industry operations investigators ("IOIs") based in ATF's Houston Field Division are currently conducting a standard firearms compliance inspection of Plaintiff's business, Central Texas Gun Works. Such inspections are conducted periodically, but not more than once per year, and in the ordinary course for all federal firearms licensees ("FFLs"). The fact of an inspection does not indicate that ATF suspects that a licensee has committed any violation of the Gun Control Act ("GCA"), let alone a willful violation implicating the policy challenged in this action. *See* 18 U.S.C. § 923(g); 27 C.F.R. § 478.23(b) ("Any ATF officer, without having reasonable cause to believe a violation of the Act has occurred or that evidence of the violation may be found" may inspect a licensed dealer "[f]or insuring compliance with the recordkeeping requirements of this part . . . [n]ot more than once during any 12-month period[.]"); 27 C.F.R. § 479.22. As Plaintiff's Complaint states, ATF last inspected Central Texas Gun Works in August of 2018, Compl. ¶ 45, ECF

No. 1, nearly five years ago, underscoring that the present inspection is being conducted as a matter of course.

Second, Defendants have expressed to Plaintiff, and Defendants confirm to the Court, that ATF will ensure Plaintiff's counsel is notified of all further communications regarding the inspection. At the time the inspection was commenced, the inspecting IOIs were not aware that Plaintiff was involved in this pending litigation or represented by counsel. That issue has been remedied, and counsel will be notified of all further communications.

Finally, the policy Plaintiff purports to challenge—the "zero tolerance" enforcement policy—does not affect how or when a compliance inspection is conducted. Instead, as previously explained, the policy is potentially implicated only if one of the five identified, willful GCA violations is found during an inspection. *See generally* Defs.' Mot. to Dismiss at 3, ECF No. 7. Even if one such violation is detected, the licensee has the right to a hearing with the ATF field division's Director of Industry Operations ("DIO"), where the licensee may be represented by an attorney and may present evidence, testimony, and exhibits to challenge the violation. *Id.*; *see also* ATF, Revocation of Firearms Licenses, https://perma.cc/C498-WE4R. Then, if and only if the DIO concludes the violation was willful, and revocation is justified, would ATF enforce the policy and send a final notice of revocation. 18 U.S.C. § 923(f). And even at that point, the licensee has a right to petition for de novo review in a United States district court. *Id.* Thus, the fact a standard compliance inspection is underway does not make Plaintiff's claim that the policy may be enforced against him any less speculative, particularly because Plaintiff has neither suggested that he has willfully committed any of the five serious violations of the GCA nor that he would have any right to do so. *See* Defs.' Mot. to Dismiss at 14–15. If anything, Plaintiff's assertion that the inspection is relevant here merely reinforces that the appropriate mechanism by which to challenge the policy is not through Plaintiff's abstract and speculative claims about how the policy might be applied, but rather, though a direct challenge to an actual license

revocation.[1]

Dated: June 30, 2023                                    Respectfully submitted,

                                                        BRIAN M. BOYNTON
                                                        Principal Deputy Assistant Attorney General

                                                        BRIGHAM J. BOWEN
                                                        Assistant Branch Director

                                                        /s/ Taylor Pitz
                                                        Taylor Pitz (CA Bar No. 332080)
                                                        Trial Attorney
                                                        U.S. Department of Justice
                                                        Civil Division, Federal Programs Branch
                                                        1100 L Street, N.W.
                                                        Washington, DC 20005
                                                        Phone: (202) 305-5200
                                                        Email: taylor.n.pitz@usdoj.gov

                                                        *Counsel for Defendants*

---

[1] In any event, Defendants submit that any material change in circumstances is properly addressed only through amendment of the pleadings, and not through supplemental filings.

CERTIFICATE OF SERVICE

      I hereby certify that on June 30, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Nate Curtisi
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701

Matthew Robert Miller
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701

Chance D. Weldon
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701

Robert E. Henneke
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701

                                                                                        */s/ Taylor N. Pitz*
                                                                                        Taylor N. Pitz